UNITED STATES (NINETY–FIVE BALES OF PAPER v.). See Case No. 10,274.

## Case No. 15,888.

UNITED STATES v. NINETY–FIVE BARRELS OF DISTILLED SPIRITS.

[8 Int. Rev. Rec. 105.]

Circuit Court, E. D. New York. 1868.

INTERNAL REVENUE ACT—FORFEITURE BY AGREEMENT—RIGHTS OF INFORMER.

[Where liquor is forfeited by consent in pursuance of an agreement made by the commissioner of internal revenue, and upon a relinquishment by the government of a portion of the proceeds of sale, very convincing evidence is necessary to entitle one to share in such proceeds on the ground that he furnished sufficient facts to the government to condemn the property.]

BENEDICT, District Judge. This case comes before me upon a motion to confirm the report of a commissioner to whom it was referred, to ascertain and report the person, if any, entitled to share as informer in the proceeds of the forfeiture of certain distilled spirits condemned and sold in this action. The report of the commissioner is that one Joseph G. Ward is the person who first informed of the matter whereby the forfeiture was incurred; to which report objection is made by the district attorney, who, on the part of the government, insists that under the facts disclosed no person is entitled to share as informer. I have examined the evidence with care, and am unable to agree with the commissioner in his conclusion.

It appears that the forfeiture in this case was by consent in pursuance of an agreement made by the commissioner of internal revenue; and upon a relinquishment by the government of a portion of the proceeds of sale, so that in point of fact the government has realized less than the amount of tax to secure which the spirits were in bond at the time of the seizure. Under such circumstances very convincing evidence would be necessary to justify the conclusion that facts sufficient to condemn the property had been communicated to the officers of the government by any person. Here the evidence is far from convincing to my mind, and viewed in its most favorable aspect, does not present a state of facts upon which I can feel justified in adjudging that a forfeiture of this property has been incurred by reason of any matter or thing first communicated to the proper officers of the government. The report, therefore, must be set aside, and the fund distributed to the proper officers of the government.